IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ELIZABETH STEINES, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**APPLE INC.,**<br><br>**Defendant.** | Case no.: 22-cv-03099-SPM |

# MEMORANDUM AND ORDER

## McGLYNN, District Judge:

On December 27, 2022, plaintiff Elizabeth Steines ("Steines") filed a seven-count complaint against defendant Apple Inc. ("Apple") individually and on behalf of all others similarly situated (Doc. 1). Within the Complaint, Steines alleges violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and the State Consumer Fraud Acts, as well as breach of contract, breach of warranty, negligent misrepresentation, fraud, and unjust enrichment. (*Id*.).

On March 29, 2023, Apple filed a Motion to Dismiss for Failure to State a Claim (Doc. 12), along with a Supporting Memorandum of Law (Doc. 13). Specifically, Apple argues that Steines failed to state a claim under ICFA or other consumer protection laws. (*Id*.). Apple further argues that Steines' claims for fraud, negligent representation, breach of contract, and breach of warranty fail, and plaintiff's unjust enrichment claim is barred. (*Id*.). On April 29, 2023, Steines filed a Memorandum in Opposition to Apple's Motion (Doc. 15).

The Court has reviewed the Motion (Doc. 12) and both Memorandums of Law (Doc. 13, 15). Without expressing any view as to the merits, the Court affords Steines an opportunity to cure the purported pleading defects. Accordingly, and pursuant to Fed. R. Civ. P. 15(a)(1)(B), the Court GRANTS Steines leave to file an amended complaint within 21 days, or by **July 26, 2023.** If Steines timely files an amended complaint, the Court will terminate as moot the Motion to Dismiss[1].

**IT IS SO ORDERED.**

**DATED:   July 5, 2023**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**

---

[1] Once an amended pleading is filed, it supersedes the prior pleading. *See Wellness Community–National v. Wellness House,* 70 F.3d 46, 49 (7th Cir.1995); *Barnett v. Daley*, 32 F.3d 1196, 1198 (7th Cir.1994). "The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading, and becomes functus officio." *Fuhrer v. Fuhrer,* 292 F.2d 140, 144 (7th Cir.1961).